**2023-2346**

United States Court of Appeals for the Federal Circuit

———————————————

**LYNK LABS, INC.,**

Appellant

v.

**SAMSUNG ELECTRONICS CO., LTD.,**

Appellee

———————————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-0149.

———————————————

**USPTO Director's Unopposed Motion For Leave to File the Notice of Intervention Out of Time**

The Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("Director") respectfully moves for leave to file the notice of intervention out of time in appeal number 2023-2346. 35 U.S.C. § 143; Fed. R. App. P. 15(d). Counsel for the Director contacted counsel for Appellant and Appellee, and neither party opposes this motion.

The Director seeks to intervene to address a single issue presented in this case. Specifically, the Director intends to respond to Appellant's argument that a published patent application is not "prior art consisting of patents or printed

publications" and thus not within the scope of inter partes review. 35 U.S.C. § 311(b); Appellant's Br. at 57-66.

The Director acknowledges that this motion comes after the deadline specified in Rule 15(d) of the Federal Rules of Appellate Procedure. Assuming the applicability of that Rule to interventions in appeals by the Director under 35 U.S.C. § 143, the Director has good cause for seeking to intervene in this appeal after the deadline has passed.

The Director monitors every appeal filed in this Court from an AIA trial proceeding. The Director's initial review of the appeal includes both the Patent Trial and Appeal Board's final written decision and the appellant's notice of appeal, with a particular emphasis on the notice of appeal given the requirements of 37 C.F.R. § 90.2(a)(3)(ii). That USPTO regulation requires a notice of appeal from an AIA trial proceeding contain "sufficient information to allow the Director to determine whether to exercise the right to intervene in the appeal pursuant to 35 U.S.C. 143." *Id*.

Here, Appellant's notice of appeal did not specifically raise the published patent application issue, but instead only broadly listed the issues of whether the Board erred in its unpatentability determination under 35 U.S.C. § 103 for each claim and combination of prior art addressed in the final written decision. ECF No. 1-2. As a result, the USPTO did not know that Appellant intended to raise the

argument that one of the references was not "prior art consisting of patents or printed publications" under 35 U.S.C. § 311(b) until January 10, 2024, when Appellant filed its opening brief. ECF No. 14.

    Moreover, the Director typically lacks sufficient information to make a final decision to seek authorization from the Solicitor General to intervene based solely on the notice of appeal because appellants often over-designate the issues in their notice of appeal out of an abundance of caution to avoid forfeiting those issues should they decide to raise them in their opening brief. *See* 28 U.S.C. § 516; 28 C.F.R. § 0.20(c) (making the Solicitor General, "in consultation with each agency or official concerned," responsible for "[d]etermining … whether the Government will intervene, in any appellate court"). Therefore, even if the notice of appeal in this case had identified the § 311(b) issue, it would have been uncertain until the filing of the opening brief whether this case warranted intervention. Because appellants are not obligated to brief every issue raised in the notice of appeal, the Director and Solicitor General cannot know until the opening brief is filed whether the issue of interest will actually be raised on appeal, and the government is mindful of the burdens that unnecessarily intervening in an appeal in which the USPTO ultimately does not want to participate would place on both court and governmental resources. As this case illustrates, the notice of appeal frequently

does not contain enough detail to allow the Director and Solicitor General to make an informed decision on whether intervention is warranted.

In this case, the Director began the evaluation and consultation process regarding intervention promptly after receiving Appellant's opening brief, and on March 20, 2024, the Director filed an authorized notice of intervention. ECF No. 21. At that time, Appellee's brief was due on April 5, 2024. On March 27, 2024, Appellee filed an unopposed motion for a 21-day extension of time to file its response brief. ECF No. 24. On March 28, 2024, this Court granted Appellee's motion, making Appellee's brief due on April 26, 2024. ECF No. 25.

For these reasons, the Director believes that good cause exists for filing the notice of intervention beyond the deadline specified in Rule 15(d). If the Court permits the Director's intervention, the Director intends to file an intervenor brief on or before May 3, 2024.

Respectfully submitted,

Dated: April 15, 2024

/s/ Michael S. Forman
FARHEENA Y. RASHEED
*Acting Solicitor*

AMY J. NELSON
*Acting Deputy Solicitor*

Peter J. Ayers
*Senior Counsel, Patent Law and Litigation*

MICHAEL S. FORMAN
MAUREEN QUELER
*Associate Solicitors*
OFFICE OF THE SOLICITOR
U.S. Patent and Trademark Office
Mail Stop 8
P.O. Box 1450
Alexandria, Virginia 22313-1450
Tel: 571-272-9035

*Attorneys for the Director of the
United States Patent and Trademark Office*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type-volume limitation in Fed. R. App. P. 32(g). The total number of words in the foregoing brief is 728, as calculated by Microsoft Word 2021.

/s/ Michael S. Forman
MICHAEL S. FORMAN
Associate Solicitor
United States Patent & Trademark Office
Mail Stop 8
P.O. Box 1450
Alexandria, Virginia 22313-1450